# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

QUINN HEATH

476 Windsor Street

Apt. #1

Cambridge, MA 02141

*Plaintiff,*

v.

DEPARTMENT OF DEFENSE

1000 Defense Pentagon

Washington, D.C. 20301-1000

*Defendant.*

Case No. _____

**COMPLAINT**

QUINN HEATH, for his Complaint against the DEPARTMENT OF DEFENSE, alleges, on

knowledge as to his own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.       This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552, et seq., seeking production of a single record responsive to a request submitted by the

plaintiff Quinn Heath to the Department of Defense and its subordinate entities.

2.       Plaintiff seeks production of a single record by Defendant to which Plaintiff has a

legal right pursuant to FOIA, as well as an award of attorney fees and reasonable litigation costs.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 5 U.S.C. § 552(a)(4)(B).

## VENUE

4.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff Quinn Heath is an individual who resides in Cambridge, Massachusetts. Plaintiff is a citizen of Massachusetts. Mr. Heath is an attorney with a professional focus on cannabis policy in the United States. Mr. Heath brings this action in an individual capacity.

6.      Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is in possession and/or control of the record requested by the plaintiff that is the subject of this action. DoD controls—and consequently serves as the proper party defendant for litigation purposes for—the U.S. Marine Corps ("USMC") and the Department of the Navy ("DoN").

## FACTS

7.      This lawsuit is brought under FOIA and seeks to compel the production of a single record—a film—created by Defendant and used to train USMC and DoN military members for a number of years.

8.     The DoD maintains the Defense Technical Information Center Technical Reports database, a collection of "reports created and published to our collection by organizations funded by the Department of Defense" ("DTIC Technical Reports").

9.     A subset of DTIC Technical Reports designated as unclassified are available publicly on the DTIC Technical Reports website at the web page "https://discover.dtic.mil/technical-reports".

10.     One DTIC Technical Report is a document titled "Catalog of Audiovisual Productions, vol. II" with a listed publication date of June 1984 and reference number "ADB088349" (the "Audiovisual Catalog"). Attached hereto as Exhibit A is a true and correct copy of a relevant subset of the 438-page catalog, and the Audiovisual Catalog as a whole is incorporated into this Complaint.

11.     The authors "Department of Defense", "Navy and Marine Corps Productions", and "Assistant Secretary of Defense (Public Affairs)" are printed on the title page of the Audiovisual Catalog.

12.     The foreword of the Audiovisual Catalog describes the Audiovisual Catalog as "effective immediately and mandatory for use by" all DoD offices, the USMC, and the DoN.

13.      The foreword of the Audiovisual Catalog explains the purpose of the catalog. The catalog "explains how to obtain and use copies of audiovisual (AV) productions produced and procured in support of formal training, education, management, and information objectives by all echelons within the Department of Defense."

14.     The Audiovisual Catalog enumerates audiovisual productions produced and procured by the DoD. The Audiovisual Catalog lists a unique reference number, a physical description, the calendar year of publication, title, synopsis, and marks for each production.

15.     An audiovisual production is listed in the Audiovisual Catalog with the title "AMBLIN", a reference number of "22092-DN", a physical description of "16MM, MOTION PICTURE, 026 MIN", a publication year of "1971", an "unclassified" security status, and a summary of "A TEENAGE BOY AND GIRL SHARE FOOD, MARIJUANA AND SLEEPING BAG AFTER MEETING WHILE HITCHHIKING IN THE CALIFORNIA DESERT. WHEN THEY REACH THE OCEAN HE HEADS OUT INTO THE SURF, WHICH WAS HIS ONLY GOAL, AND SHE CONTINUES ON ALONE. OPEN ENDED FOR DISCUSSION." (the "AMBLIN Film"). A copy of the listing contained in Exhibit A, is reproduced below:



16.     The Audiovisual Catalog entry for the AMBLIN Film remarks that the film is "available at Navy General Audiovisual Libraries, and Marine Corps Training and Audiovisual Support Centers."

17.     The FOIA request that is the subject of this litigation seeks to compel disclosure of the AMBLIN Film as it will provide unique and valuable public insight on federal drug policy relating to the training and history of the United States military.

## COUNT ONE

### As against Department of Defense

18.     Plaintiff repeats and realleges paragraphs 1 through 17 hereof, as if fully set forth herein.

19.     Plaintiff submitted a FOIA request to the Department of Defense on May 19, 2022 using the Department of Defense "FOIAonline" web form and was assigned a tracking number for the request of "DON-NAVY-2022-007634" (the "FOIA request").

20.     Plaintiff included all information known to Plaintiff from the Audiovisual Catalog about the record and attached the applicable portion of the Audiovisual Catalog as an attachment to the FOIA request.

21.     Plaintiff received no response from the Department of Defense or the DoN regarding the FOIA request.

22.     The original FOIA request was deleted by Defendant from the FOIAonline database and cannot be retrieved by Plaintiff.

23.     On May 19, 2022, Plaintiff received an email from the National Archives and Records Administration ("NARA") notifying Plaintiff that NARA would be processing the FOIA request. The May 19, 2022 email contains a copy of the contents of Plaintiffs request. A true and complete copy of this email is attached to this Complaint as Exhibit B.

24.     NARA was not a recipient of the FOIA request.

25.     No explanation was given by Defendant or NARA for the lack of any response by Defendant.

26.     On information and belief, Defendant identified holdings under its control at NARA as a potential location for the requested record.

27.     On May 27, 2022, NARA sent Plaintiff an email containing a final determination that NARA "did not find any records that appear to be responsive to your request." (the "NARA Determination"). A true and complete copy of this email is attached to this Complaint, is attached as Exhibit C.

28.     The NARA Determination indicates that only a keyword search for the words "Amblin" and "marijuana" in a small subset of NARA's holdings was completed.

29.     The NARA Determination contains no indication that a search of DoD, DoN, or USMC records outside of NARA's holdings was completed by Defendant or NARA.

30.     The NARA Determination does not set forth the name or title of the DoD or DoN agent responsible for the denial of the request for records.

31.     On August 4, 2022, Plaintiff sent a formal appeal in response to the NARA Determination. The appeal was mailed by certified mail to the Office of the Judge Advocate General as the designated FOIA appellate authority for the DoD and DoN and emailed and mailed to the Deputy Archivist as the designated FOIA appellate authority for NARA (the

"FOIA Appeal"). A true and correct copy of the August 4, 2022 letter is attached to this Complaint as Exhibit D.

32.     The FOIA Appeal requested, in part, that the DoD either complete a search of its own records as required by FOIA or provide a certification that the DoD is not in possession of the AMBLIN Film.

33.     The FOIA Appeal additionally requested, in part, that the scope of the search completed by NARA be expanded beyond a simple keyword search to include a search of records by reference number, year of publication, and other reference information known about the AMBLIN Film.

34.     On September 15, 2022, Plaintiff received a phone call from an attorney representing the DoD in connection with the FOIA request.

35.     Plaintiff was informed on the September 15, 2022 phone call that the DoD would not be providing a response to the FOIA Appeal.

36.     To date, Plaintiff has not received a substantive response from NARA to the FOIA Appeal.

37.     To date, Plaintiff has not received a written response to the FOIA request from the DoD or DoN and Plaintiff has been informed that the DoD will not substantively respond to the FOIA Appeal.

38.     Over twenty days—excluding Saturdays, Sundays, and legal public holidays—have passed since Plaintiff sent and Defendant received the FOIA Appeal.

39.     Plaintiff has constructively exhausted all required legal remedies.

40.     Plaintiff has a legal right under FOIA to obtain the information he seeks.

**WHEREFORE**, Plaintiff prays that this court:

A.     Order the defendant federal agency to search for and disclose the requested record

in its entirety and make copies promptly available to the plaintiff;

B.     Order the defendant federal agency to waive all fees for search and reproduction

of the requested record as provided in 5 U.S.C. § 552(a)(4)(A)(viii).

C.     Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552

(a)(4)(E) and/or 28 U.S.C. § 2412 (d);

D.     Expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

E.     Grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: October  23  . 2022

Respectfully submitted,

By:   /s/ Quinn Heath
Quinn Heath, Esq.
MA Bar #709258
476 Windsor St.
Apt. 1
Cambridge, MA 02141
(617) 468-8343
qheath@bu.edu
*Pro Se*

# Exhibit A

# UNCLASSIFIED

| |
|---|
| |
| |
| |
| |
| AD NUMBER |
| **ADB088349** |
| NEW LIMITATION CHANGE |
| **TO**<br><br>**Approved for public release, distribution unlimited** |
| **FROM**<br><br>**Distribution authorized to U.S. Gov't. agencies and their contractors; Administrative/Operational Use; 03 DEC 1984. Other requests shall be referred to Assistant Secretary of Defense, [Public Affairs], Washington, DC 20301.** |
| **AUTHORITY**<br><br>**AFIS DOD ltr, 17 Jan 1986** |

# THIS PAGE IS UNCLASSIFIED

DoD 5040.2-C-2

Standard AV production
number and component
digraph . . . . . . . . . . . . . . . . . . . . . . . . 20217-DN          OLD IRONSIDES . . . . Title

Physical description of
material, for example,
media size, type,
running time . . . . . . . . . . . . . . . . 16MM, MOTION PICTURE, 015 MIN,          1957 . . . . . Calendar year completed

Exhibition clearance . . . . . . . . . CLEARED FOR PE, TV, TH,          UNCL . . . . . Security classification
HISTORICAL                                              of the production

Synopsis . . . . . . . . . . . . . . . . . . . . THE USS CONSTITUTION WAS THE FIRST
FIGHTING SHIP OF THE AMERICAN NAVY AND
FOR A TIME THE ENTIRE U.S. FLEET. AFTER
CANNON BALLS BOUNCED OFF HER SIDES, SHE
WAS NICKNAMED "OLD IRONSIDES", AND IS
PROBABLY THE MOST FAMOUS WARSHIP OF
ALL TIME IN THE AMERICAN NAVY. SHE SAW
ACTION AGAINST THE BARBARY PIRATES AND
AGAIN IN THE WAR OF 1812. "OLD IRONSIDES"
NOW FLOATS IN THE BOSTON NAVY YARD WITH
THE STAR OF PEACE ON HER BOW TO
SYMBOLIZE THE EARLY FIGHTING AGAINST
GREAT ODDS IN THE AMERICAN FREEDOM
STRUGGLE.

REMARKS: AVAILABLE AT NAVY GENERAL . . . . . Remarks
AUDIOVISUAL LIBRARIES. DoD # AFMR 550.

2–5



DoD 5040.2-C-2

ASSISTANT SECRETARY OF DEFENSE

WASHINGTON, D.C. 20301

PUBLIC AFFAIRS

JUN 22 1984

## FOREWORD

This Catalog is issued under the authority of DoD Directive 5040.2, "Audiovisual Activities," July 23, 1979.  It explains how to obtain and use copies of audiovisual (AV) productions produced and procured in support of formal training, education, management, and information objectives by all echelons within the Department of Defense.

This Catalog applies to the Office of the Secretary of Defense (OSD), the Military Departments, the Organization of the Joint Chiefs of Staff, the Unified and Specified Commands, and the Defense Agencies (hereafter referred to collectively as "DoD Components").

The Catalog is issued in the following four volumes:

              DoD 5040.2-C-1   Army Productions
              DoD 5040.2-C-2   Navy and Marine Corps Productions
              DoD 5040.2-C-3   Air Force and Miscellaneous DoD Productions
              DoD 5040.2-C-4   DoD Productions Cleared for Public Release

This Catalog is effective immediately and is mandatory for use by all DoD Components.  Heads of DoD Components may issue supplementary instructions only when necessary to provide for unique requirements within their respective Components.

Forward recommendations for changes to this Catalog through channels to:

              Assistant Director for Operations (HQ DAVA-OP)
              Headquarters Defense Audiovisual Agency
              Norton Air Force Base, CA  92409

DoD Components may obtain copies of this Catalog through their own publication channels.  Other federal agencies may obtain copies from Naval Publications and Forms Center, Code 301, 5301 Tabor Avenue, Philadelphia, PA  19120.

*Michael J. Burch*

              Assistant Secretary of Defense
                      (Public Affairs)



i

DoD 5040.2-C-2

# CHAPTER 1

## GENERAL INFORMATION

A.  INTRODUCTION

1.  This volume of the DoD Catalog of Audiovisual (AV) Productions is compiled from the Defense Audiovisual Information System (DAVIS) data base. It is intended for use primarily by Navy and Marine Corps activities.

2.  This volume contains a listing of all Navy and Marine Corps AV productions that are in general distribution, and detailed ordering instructions.

3.  This volume contains three appendices, as follows:

Appendix A   Section 1   AV Thesaurus
            Section 2   Descriptor Index
            Section 3   Categorical Index of AV
                        Productions

Appendix B   Alphabetical Title Index/SAVPIN Cross Reference

Appendix C   Catalog of AV Productions (listed in numerical sequence
            by SAVPIN)

B.  WHO MAY USE COPIES OF NAVY AND MARINE CORPS AV PRODUCTIONS

1.  Navy and Marine activities, other DoD Components, and federal agencies are authorized to borrow copies of unclassified Navy and Marine Corps productions.

2.  Copies of productions that have been designed as "cleared" also may be loaned to the U.S. public, including state and local governments.  A complete listing of DoD AV productions cleared for use by the general public is found in Volume 4 of this Catalog.

3.  Copies of classified Navy and Marine Corps AV productions are available for use by Navy and Marine Corps activities that have a "need to know" and to other DoD Components whose mission and functions require access to this classified information.  The handling and control of all classified material shall comply with DoD 5200.1-R (reference (a)) and Navy, OPNAVINST 5510.1-F (reference (d)).

4.  Inquiries from foreign governments, international organizations, or other foreign interests requesting loan, sale, or information on Navy and Marine Corps AV productions, shall be handled as follows:

DoD 5040.2-C-2

a.  Foreign governments and foreign military services may request AV productions through the U.S. Defense Attache Office of the American embassy in their country.

b.  All other foreign interests shall apply through the U.S. Information Service.

5.  Navy and Marine Corps AV productions are designated as follows:

a.  Cleared.  Productions that are cleared have been granted public clearance by the Assistant Secretary of Defense (Public Affairs) (ASD(PA)). These productions may be loaned or exhibited to the public with or without restrictions.  These productions also are available for sale or rental to the public through the National Audiovisual Center (NAC), National Archives and Records Service, General Services Administration, Washington, D.C.  20409.

b.  Not Cleared.  Productions that are not cleared have not been granted public clearance by ASD(PA).  They may have restrictions on exhibition, use, reproductions, distribution, or disclosure because of security classification or other legal restrictions.  These AV productions may not be released to the public for exhibition purposes unless these restrictive conditions have been met and when public clearance has been granted by ASD(PA).

c.  Specific Authorized Clearances or Restrictions.  The most common codes found in this Catalog are:

(1)  PE.  Public Exhibition (nonprofit).  Denotes an AV production that has been cleared only for nonprofit exhibition in the format listed; no admission may be charged.

(2)  TV.  Television (nonsponsored).  Denotes an AV production that has been cleared only for nonsponsored broadcast by commercial television stations as a public service and by public television stations.  (All AV productions in this category have been designated "PE".)

(3)  TH.  Theatrical.  Denotes an AV production that has been cleared for exhibition or use by commercial enterprise, such as a theater that charges admission.  (All AV productions in this category have been designated "PE.")

(4)  PS.  Public Sale.  Denotes a "cleared" AV production that may be purchased through NAC.  See paragraph B.5.a., above.

6.  Status Designators.  All AV productions listed in this Catalog either are current or historical.  A historical production no longer reflects current DoD policies, programs, or procedures, but is retained for use because of its historical significance.  Before all showings of historical productions, audiences must be apprised that such productions do not reflect current DoD policies, programs, or procedures.

7.  Copyright Responsibility.  Copies of proprietary AV productions that have been adopted for a DoD Component use or purchased for limited internal use shall be exhibited only in the formats for which the government has

1-2

received rights. U.S. Copyright Law (reference (b)), DoD 5040.2-R (reference (c)) and specific procurement conditions govern for each title. Violation of federal copyright laws by unauthorized reproduction or exhibition may result in judicial or administration penalties.

8. **Loan of Copies of DoD AV Productions to DoD Contractors.** Copies of all AV productions in this Catalog may be loaned to authorized DoD contractors for showing to contract personnel who have appropriate clearance. Each classified loan request shall by submitted through the appropriate Defense Contract Administrative Services Office for approval.

9. **Prohibition Against Reproduction of DoD AV Productions.** Copies of DoD AV productions are accountable AV records. The Inventory Control Point (ICP) for Navy and Marine Corps AV productions is managed by the Chief, Defense Audiovisual Agency, Tobyhanna Activity (DAVA-T-AC), PA 18466. No portion of DoD AV production may be reproduce unless specific written approval has been granted by the Chief of Naval Operations (OP-007D) for Navy AV productions; and the Commandant of the Marine Corps (TAP) for Marine Corp AV productions. The ICP will react only upon notification by OP-007D or TAP, as appropriate.

C. STANDARD AV PRODUCTION IDENTIFICATION NUMBER (SAVPIN)

All AV productions listed in this volume are assigned a SAVPIN. The SAVPIN is the only number that may be used when requesting copies of AV productions listed in Appendix C.

D. LOAN OF AV PRODUCTIONS

Loans are for a specified number of days. Loan periods may be extended if copies are available. Extensions shall be requested at least 10 workdays before the loan is due.

DoD 5040.2-C-2

PEOPLE AND COMMENTS FROM A LAWYER, CIVIL OFFICIAL AND SENIOR POLICE OFFICER.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES.

**22087-DN   WOODPILE, THE**
16MM, MOTION PICTURE, 030 MIN,   1971
NOT CLEARED   UNCL

A BOARD OF DIRECTORS DISCUSS PLACING A BLACK MAN IN AN EXECUTIVE POSITION. EXCELLENT DISCUSSION FILM ON HIDDEN PREJUDICES, SOCIAL PRESSURE, AND RACE RELATIONS.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES.

**22088-DN   BALLAD OF JOHN GREENE, THE**
16MM, MOTION PICTURE, 028 MIN,   1971
CLEARED FOR PE, TV, TH, PS   UNCL

TRAINING FOR PILOTS IN THE A7 AIRCRAFT.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES.

**22089-DN   LET MY PEOPLE GO**
16MM, MOTION PICTURE, 060 MIN,   1972
NOT CLEARED   UNCL

A HISTORY OF THE JEWS FROM THE TIME THEY WERE FORCED INTO EXILE IN THE 1ST CENTURY A.D. TO THE CREATION OF THE GOVERNMENT OF ISRAEL IN 1948. INCLUDED IS CAPTURED GERMAN AND ARAB FOOTAGE AND SCENES OF THE EARLIEST PALESTINIAN SETTLERS. ALSO INCLUDED IS FILM OBTAINED FROM THE HAGANAH AND THE IRGUN SHOWING THE WAY ILLEGALS WERE TRANSPORTED ACROSS EUROPE ON THEIR WAY TO PALESTINE.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22090-DN   AWARENESS**
16MM, MOTION PICTURE, 022 MIN,   1971
NOT CLEARED   UNCL

A STUDY OF BUDDHA FROM THE STORY OF HIS LIFE AND THOUGHTS, SET IN PRESENT-DAY SUFFERINGS.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22091-DN   HOMO HOMINI**
16MM, MOTION PICTURE, 026 MIN,   1971
NOT CLEARED   UNCL

AN EXPRESSION OF HOPE, REMINDING US THAT MAN WILL ALWAYS BE MORE THAN AN ANIMAL BECAUSE OF HIS GIFT OF REASON EVEN THOUGH MUCH OF HIMSELF HAS BEEN LOST.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22092-DN   AMBLIN**
16MM, MOTION PICTURE, 026 MIN,   1971
NOT CLEARED   UNCL

A TEENAGE BOY AND GIRL SHARE FOOD, MARIJUANA AND SLEEPING BAG AFTER MEETING WHILE HITCHHIKING IN THE CALIFORNIA DESERT. WHEN THEY REACH THE OCEAN HE HEADS OUT INTO THE SURF, WHICH WAS HIS ONLY GOAL, AND SHE CONTINUES ON ALONE. OPEN ENDED FOR DISCUSSION.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22093-DN   IN A QUIET PLACE**
16MM, MOTION PICTURE, 028 MIN,   1971
NOT CLEARED   UNCL

THE BEAUTY OF SEX IN CHRISTIAN MARRIAGE AND SOME GUIDELINES FOR LISTENING TO GOD.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22094-DN   FACE TO FACE**
16MM, MOTION PICTURE, 011 MIN,   1972
NOT CLEARED   UNCL

GILBERT NEIL ANGLIO, USAF, DESCRIBES HOW HE FEELS ABOUT CHRIST AS HE SCULPTS HIS FACE IN CLAY, THEN DESTROYS THE SCULPTURE AS A DEMONSTRATION OF THE DISREGARD THE WORLD OF TODAY SHOWS CHRIST.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22095-DN   SEA OF CONTENTION**
16MM, MOTION PICTURE, 028 MIN,   1971
CLEARED FOR PE, TV, TH   UNCL

ACTIVITIES OF THE SIXTH FLEET AND THE CLOSE TIES BETWEEN THE U.S. NAVY AND THE NAVIES OF THE NATO COUNTRIES IN KEEPING OPERATION READINESS FOR NATIONAL DEFENSE.
REMARKS: AVAILABLE AT NAVAL AVIATION AUDIOVISUAL LIBRARIES, AND NAVY GENERAL AUDIOVISUAL LIBRARIES.

**22096-DN   TECHNICAL PUBLICATIONS II · ORDERING AND DISTRIBUTION**
16MM, MOTION PICTURE, 013 MIN,   1971
NOT CLEARED   UNCL

HOW AND WHEN TO ORDER TECHNICAL MANUALS; HOW FAILURE TO KEEP MANUALS UPDATED CAN AFFECT OPERATING PROCEDURES; HOW REQUESTS FOR MANUALS ARE PROCESSED.
REMARKS: AVAILABLE AT NAVAL AVIATION AUDIOVISUAL LIBRARIES.

**22097-DN   HOW TO USE TECHNICAL MANUALS**
16MM, MOTION PICTURE, 016 MIN,   1971
NOT CLEARED   UNCL

HOW TO IDENTIFY TECHNICAL MANUALS, IN THIS INSTANCE, MANUALS USED FOR NAVAL AIR WEAPONS SYSTEMS, AND PROCEDURES FOR LOCATING NEEDED INFORMATION.
REMARKS: AVAILABLE AT NAVAL AVIATION AUDIOVISUAL LIBRARIES.

**22098-DN   CONFRONTATION**
16MM, MOTION PICTURE, 027 MIN,   1972
NOT CLEARED   UNCL

A PRIEST, A SOCIAL WORKER AND A COLLEGE DISSENTER, ACCUSED OF FELONY FOR BURNING DRAFT FILES, ARGUE IN COURT AGAINST THE DISTRICT ATTORNEY, THE MORALITY OF CONTEMPORY WARFARE.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22099-DN   FRIENDLY GAME**
16MM, MOTION PICTURE, 010 MIN,   1971
NOT CLEARED   UNCL

A BLACK MAN CHALLENGES A WHITE MAN TO A FRIENDLY GAME OF CHESS. AT THE BEGINNING, THE CHALLENGER APPEARS TO BE A NOVICE, AND IS LOSING. HE THEN TALKS THE WHITE MAN INTO RELUCTANTLY ACCEPTING HIS ONE HUNDRED DOLLAR BET AGAINST THE WHITE MAN'S ONE-OF-A-KIND CHESS SET. THE CHALLENGER THEN EXPERTLY WINS THE GAME, AND THE CHESS SET.
REMARKS: LIMITED INTERNAL DISTRIBUTION (THIS AUDIOVISUAL PRODUCTION WAS DISTRIBUTED TO CERTAIN NAVY ACTIVITIES IN LIMITED QUANTITIES FOR DEDICATED USE. OTHER NAVY ACTIVITIES HAVING A NEED FOR THIS PRODUCTION SHOULD REQUEST INFORMATION ON

AVAILABILITY FROM THE INVENTORY CONTROL POINT FOR THE NAVY AT DAVA-7/LLD AUTOVON 795-6543). ALSO DISTRIBUTED IN 58MM, MOTION PICTURE.

**22100-DN   EXIT**
16MM, MOTION PICTURE, 027 MIN,   1972
NOT CLEARED   UNCL

PETER, DISILLUSIONED BY THE DEATH OF A FRIEND DURING A PEACE MARCH, DROPS OUT FROM LIFE, JOINS A HIPPIE COMMUNE AND EMBRACES THE DRUG CULTURE. DURING A VISIT WITH HIS OLD GIRL FRIEND, HE FAILS TO IMPRESS HER WITH TALES OF HIS NEW LIFE AND RETURNS TO THE COMMUNE TO FIND A MEMBER ALMOST DEAD FROM AN OVERDOSE. AT THE HOSPITAL A DOCTOR ATTEMPTS TO SHOW PETER HE HAS LOOKED FOR LIFE AND LOVE IN THE WRONG PLACES.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22101-DN   EVERYBODYS GOIN WHERE IVE BEEN**
16MM, MOTION PICTURE, 014 MIN,   1971
NOT CLEARED   UNCL

A LOW-KEY PRESENTATION OF DRUG ABUSE ATTITUDES. THE TITLE OF THE MOVIE IS ALSO THE TITLE OF A SONG WHICH THREADS THROUGH THE VISUALS INDICATING A DEEPER CAUSE OF DRUG ABUSE THAN GENERALLY STRIKES THE CASUAL OBSERVER. EXCELLENT DISCUSSION FILM FOR YOUNG ADULTS AND PARENTS.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES.

**22102-DN   IN A FIRE ... SECONDS COUNT**
16MM, MOTION PICTURE, 018 MIN,   1971
NOT CLEARED   UNCL

HOW INDOCTRINATION AND TRAINING SAVED THE LIVES OF ONE FAMILY DURING A FIRE IN THEIR HOME.
REMARKS: AVAILABLE AT NAVAL AVIATION AUDIOVISUAL LIBRARIES, AND NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22103-DN   PARTY, THE**
16MM, MOTION PICTURE, 027 MIN,   1972
NOT CLEARED   UNCL

SIX HIGH SCHOOL TEENAGERS BORROW A BEACH HOUSE FOR THE WEEKEND AND DISCOVER THAT SEXUAL PROMISCUITY IS NOT THE WAY TO APPROACH ADULTHOOD, NOR DOES IT MAKE FOR PERMANENT, EXCLUSIVE RELATIONSHIPS.
REMARKS: AVAILABLE AT NAVY GENERAL AUDIOVISUAL LIBRARIES, AND MARINE CORPS TRAINING AND AUDIOVISUAL SUPPORT CENTERS.

**22105-DN   BLACK THUMB**
16MM, MOTION PICTURE, 006 MIN,   1972
NOT CLEARED   UNCL

UNSUSPECTED PROGRESS, IN TERMS OF LIVING CONDITIONS, ECONOMICS AND SOCIAL GROWTH, BRING A SHOCKED REACTION ON THE PART OF A WHITE SALESMAN TOWARD A BLACK SUBURBAN HOMEOWNER.
REMARKS: LIMITED INTERNAL DISTRIBUTION (THIS AUDIOVISUAL PRODUCTION WAS DISTRIBUTED TO CERTAIN NAVY ACTIVITIES IN LIMITED QUANTITIES FOR DEDICATED USE. OTHER NAVY ACTIVITIES HAVING A NEED FOR THIS PRODUCTION SHOULD REQUEST INFORMATION ON AVAILABILITY FROM THE INVENTORY CONTROL POINT FOR THE NAVY AT DAVA-7/LLD AUTOVON 795-6543).

**22108-DN   WHAT DID YOU TAKE · DRUG ABUSE EMERGENCY, THE**
16MM, MOTION PICTURE, 035 MIN,   1971
NOT CLEARED   UNCL

C-48

# Exhibit B



Quinn Heath <qheath@bu.edu>

## Fwd: FOIA Request Deletion: NARA-NGC-2022-001203

**Jodi Foor** <jodi.foor@nara.gov>                                                                         Thu, May 19, 2022 at 8:25 AM
To: qheath@bu.edu
Cc: FOIA <FOIA@nara.gov>, mopix@nara.gov

Dear Mr. Heath:

Thank you for submitting your Freedom of Information Act (FOIA) request to the National Archives and Records Administration (NARA) via the *FOIAonline* website. We received your request on May 19, 2022. Your request concerns a video titled "AMBLIN".

Our office uses the *FOIAonline* portal for FOIA and Privacy Act requests for NARA's **operational** records (records created by this agency). Because your request is for records that may be **archival** records (records created by or originated in a different agency but that may have been transferred to the legal custody of NARA), we are forwarding it by this email to our *Office of Research Services, Motion Pictures and Sound* branch that handles FOIA requests for such records.

Since *Research Services* does not process FOIA requests through *FOIAonline*, we removed your request from the *FOIAonline* website. Motion Pictures staff will assign you a new tracking number and respond directly to you. In the future, if you need to follow up with that office directly, please contact them at the address below, or electronically via email (email is preferred).

> National Archives and Records Administration
> Motion Pictures and Sound, Room 3360
> 8601 Adelphi Road
> College Park, MD 20740
>
> Phone: 301-837-3540
> Email: mopix@nara.gov

For your reference, a copy of your request is below.

Please visit our website at www.archives.gov/foia for further information about submitting a FOIA request to NARA. On our main website, www.archives.gov, you can learn more about the resources we offer to the public, and you can access our online catalog.

Due to the COVID-19 pandemic, and pursuant to guidance received from the Office of Management and Budget (OMB), NARA has adjusted its normal operations to balance the need of completing its mission-critical work while also adhering to the recommended social distancing for the safety of our staff. As a result of this re-prioritization of activities, you may experience a delay in receiving a substantive response to your FOIA request. We apologize for this inconvenience and appreciate your understanding and patience.

Sincerely,


Jodi L. Foor
Deputy Freedom of Information Act Officer/Archivist
National Archives and Records Administration
Office of General Counsel
College Park, MD
301-837-2099
Jodi.Foor@nara.gov

---------- Forwarded message ---------
From: <admin@foiaonline.gov>
Date: Thu, May 19, 2022 at 8:08 AM
Subject: FOIA Request Deletion: NARA-NGC-2022-001203
To: <jodi.foor@nara.gov>


Below is an export of the submitted request information for the FOIA request NARA-NGC-2022-001203.

- **Name and Address**
  - First Name: Quinn
  - Middle Initial:
  - Last Name: Heath
  - Organization:
  - Mailing Address Location: United States/U.S. Territories
  - Address Line 1: 476 Windsor St
  - Address Line 2: #1
  - City: Cambridge
  - State/Province: MA
  - Zip/Postal Code: 02141
- **Contact Information**
  - E-mail Address: qheath@bu.edu
  - Phone Number: (480) 628-1251
  - Fax Number:
- **Agency and Fee Information**
  - Assigned Agency: NGC - Office of General Counsel
  - Will Pay Up To: $100.00
- **Description**
  - I am requesting a copy of a video referred to in a Department of Defense document titled "Catalog of Audiovisual Productions: Navy and Marine Corps Productions" vol. II (June 1984) (attached with reference highlighted in red) that describes the video as being held by the Navy Audiovisual Library as of 1984. The current location of the record is unknown, details of the specific video requested are below:

    Video Title: "AMBLIN"
    Video Reference #: 22092-DN
    Release Year: 1971
    Other details: 16MM, Motion Picture, 026 Min, Unclassified
    Description: "A teenage boy and girl share food, marijuana and sleeping bag after meeting while hitchhiking in the California desert. When they reach the ocean he heads out into the surf, which was his only goal, and she continues on alone. Open ended for discussion. Remarks: Available at Navy General Audiovisual Libraries, and Marine Corps Training and Audiovisual Support Centers."

    If a copy is not available, access to the video is requested in the alternative.
- **Fee Waiver**
  - Fee Waiver Requested: Yes
  - Fee Waiver Reason: This request is made in the public interest. Efforts will be made to increase public access to the released records, which relate to historic depictions of marijuana use and regulation. These records provide valuable insight into the functioning, culture, and history of the United States Armed Forces.
- **Expedited Processing**
  - Expedited Processing Requested: No
  - Expedited Processing Reason:

---

**2 attachments**

 **NARA-NGC-2022-001203 Case File.pdf**
1729K

 **ADB088349 - NAVY AV CATALOG.pdf**
3318K

# Exhibit C


## Re: CONTROL NO. 2241981 FOIA Request Deletion: NARA-NGC-2022-001203

1 message

**Nicholas Schwartz** <nicholas.schwartz@nara.gov>                                    Fri, May 27, 2022 at 12:55 PM
To: qheath@bu.edu

5/27/2022

Quinn Heath
476 Windsor St
#1
Cambridge, MA, 02141

Dear Mr. Heath,

I am writing in response to your Freedom of Information Act request of May 19th for records in the custody of the National Archives and Records Administration. Your request was received in the Moving Image and Sound Branch on May 20th and assigned FOIA tracking number 2241981. You requested information regarding a training film titled "Amblin."

We searched the Moving Image and Sound Branch's records and finding aids and unfortunately did not find any records that appear to be responsive to your request.

I searched within our Record Group 428 (Records of the Department of the Navy), Record Group 127 (Records of the United States Marine Corps), and Record Group 330 (Records of the Office of the Secretary of Defense). I searched our catalog, internal inventories and finding aids provided by the agency for the terms "Amblin" and "marijuana" and was unable to locate any relevant records.

If you haven't already done so, you may wish to reach out to the Defense Visual Information Distribution Service (DVIDS) to see if they have this film in their holdings.

This concludes the processing of your request. If you have additional questions, please contact me directly.

We do not consider this response a denial under the Freedom of Information Act. However, If you are not satisfied with our action on this request, you have the right to file an administrative appeal within ninety (90) calendar days from the date of this letter. Appeals must be in writing and may be delivered by regular U.S. mail or by e-mail. By filing an appeal, you preserve your rights under the Freedom of Information Act and present the deciding agency with an opportunity to review your request and reconsider its decision. If you submit your appeal by regular mail, it should be addressed to the Deputy Archivist of the United States (ND), National Archives and Records Administration, 8601 Adelphi Road, Room 4200, College Park, Maryland 20740-6001. Both the letter and envelope should be clearly marked "FOIA Appeal." If you submit your appeal by e-mail, please send it to foia@nara.gov, addressed to the Deputy Archivist, with the words "FOIA Appeal" in the subject line. Please be certain to explain why you believe this response does not meet the requirements of the Freedom of Information Act. All communications concerning this request should reference FOIA tracking number 2230541.

If you would like the opportunity to discuss our response and attempt to resolve your dispute without initiating the appeals process, you may contact our FOIA Public Liaison for assistance:

FOIA Public Liaison:  Rebecca Calcagno
8601 Adelphi Road, Room 5500
College Park, MD 20740-6001
Email:  DC.foia.liaison@nara.gov
Telephone:  301-837-3190

You may also contact the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, for assistance. OGIS offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services

National Archives and Records Administration
College Park, MD 20740-6001
Email: ogis@nara.gov
https://www.archives.gov/ogis
Phone:  202-741-5770 or 1-877-684-6448


Sincerely,
Nick Schwartz
Archivist
Moving Image and Sound Branch

---------- Forwarded message ---------
From: **Quinn Heath** <qheath@bu.edu>
Date: Thu, May 19, 2022 at 1:59 PM
Subject: Re: FOIA Request Deletion: NARA-NGC-2022-001203
To: Jodi Foor <jodi.foor@nara.gov>
Cc: FOIA <FOIA@nara.gov>, <mopix@nara.gov>

Dear Archivist Foor:

I have received your correspondence regarding my FOIA request dated 4/26/2022. I appreciate you directing my request to the appropriate government office. I am happy to provide any additional information that would assist in completing this request. I will await a final determination from the National Archives and Records Administration.

Thank you for your time and attention to this request!

Best,

Quinn Heath, Esq.
(480) 628-1251 | qheath@bu.edu


On Thu, May 19, 2022 at 8:26 AM Jodi Foor <jodi.foor@nara.gov> wrote:
Dear Mr. Heath:

Thank you for submitting your Freedom of Information Act (FOIA) request to the National Archives and Records Administration (NARA) via the *FOIAonline* website.  We received your request on May 19, 2022.  Your request concerns a video titled "AMBLIN".

Our office uses the *FOIAonline* portal for FOIA and Privacy Act requests for NARA's **operational** records (records created by this agency).  Because your request is for records that may be **archival** records (records created by or originated in a different agency but that may have been transferred to the legal custody of NARA), we are forwarding it by this email to our *Office of Research Services, Motion Pictures and Sound* branch that handles FOIA requests for such records.

Since *Research Services* does not process FOIA requests through *FOIAonline*, we removed your request from the *FOIAonline* website.  Motion Pictures staff will assign you a new tracking number and respond directly to you. In the future, if you need to follow up with that office directly, please contact them at the address below, or electronically via email (email is preferred).

National Archives and Records Administration
Motion Pictures and Sound, Room 3360
8601 Adelphi Road
College Park, MD 20740

Phone: 301-837-3540
Email: mopix@nara.gov

For your reference, a copy of your request is below.

Please visit our website at www.archives.gov/foia for further information about submitting a FOIA request to NARA.  On our main website, www.archives.gov, you can learn more about the resources we offer to the

public, and you can access our online catalog.

Due to the COVID-19 pandemic, and pursuant to guidance received from the Office of Management and Budget (OMB), NARA has adjusted its normal operations to balance the need of completing its mission-critical work while also adhering to the recommended social distancing for the safety of our staff. As a result of this re-prioritization of activities, you may experience a delay in receiving a substantive response to your FOIA request.  We apologize for this inconvenience and appreciate your understanding and patience.

Sincerely,


Jodi L. Foor
Deputy Freedom of Information Act Officer/Archivist
National Archives and Records Administration
Office of General Counsel
College Park, MD
301-837-2099
Jodi.Foor@nara.gov


---------- Forwarded message ---------
From: <admin@foiaonline.gov>
Date: Thu, May 19, 2022 at 8:08 AM
Subject: FOIA Request Deletion: NARA-NGC-2022-001203
To: <jodi.foor@nara.gov>

Below is an export of the submitted request information for the FOIA request NARA-NGC-2022-001203.

- **Name and Address**
  - First Name: Quinn
  - Middle Initial:
  - Last Name: Heath
  - Organization:
  - Mailing Address Location: United States/U.S. Territories
  - Address Line 1: 476 Windsor St
  - Address Line 2: #1
  - City: Cambridge
  - State/Province: MA
  - Zip/Postal Code: 02141
- **Contact Information**
  - E-mail Address: qheath@bu.edu
  - Phone Number: (480) 628-1251
  - Fax Number:
- **Agency and Fee Information**
  - Assigned Agency: NGC - Office of General Counsel
  - Will Pay Up To: $100.00
- **Description**
  - I am requesting a copy of a video referred to in a Department of Defense document titled "Catalog of Audiovisual Productions: Navy and Marine Corps Productions" vol. II (June 1984) (attached with reference highlighted in red) that describes the video as being held by the Navy Audiovisual Library as of 1984. The current location of the record is unknown, details of the specific video requested are below:

    Video Title: "AMBLIN"
    Video Reference #: 22092-DN
    Release Year: 1971
    Other details: 16MM, Motion Picture, 026 Min, Unclassified
    Description: "A teenage boy and girl share food, marijuana and sleeping bag after meeting while hitchhiking in the California desert. When they reach the ocean he heads out into the surf, which was his only goal, and she continues on alone. Open ended for discussion. Remarks: Available at Navy General Audiovisual Libraries, and Marine Corps Training and Audiovisual Support Centers."

    If a copy is not available, access to the video is requested in the alternative.
- **Fee Waiver**
  - Fee Waiver Requested: Yes
  - Fee Waiver Reason: This request is made in the public interest. Efforts will be made to increase public access to the released records, which relate to historic depictions of marijuana use and regulation. These records provide valuable insight into the functioning, culture, and history of the United States Armed Forces.
- **Expedited Processing**
  - Expedited Processing Requested: No
  - Expedited Processing Reason:

--
**Nicholas Schwartz**
Archivist
Research Services (Motion Pictures)
National Archives and Records Administration

# Exhibit D

August 4, 2022

Deputy Freedom of Information Act Officer/Archivist
National Archives and Records Administration
Office of General Counsel
8601 Adelphi Road, Suite 3110
College Park, MD 20740

*Sent by certified mail and by email to foia@nara.gov as instructed in determination. Judge Advocate General mailed copy as original addressee of FOIA request as FOIA appellate authority for the U.S. Navy per SECNAV INSTRUCTION 5430.27E.*

### Re: Appeal of Freedom of Information Act Request Determination (Nos. NARA-NGC-2022-001203; NARA FOIA Tracking No. 2241981; DON-NAVY-2022-007634)

To the Freedom of Information Act Officer and Deputy Archivist:

Please accept this letter as a formal appeal of your agency's determination under the Freedom of Information Act (FOIA), as well as a formal appeal of the Department of Defense, Department of the Navy's failure to provide a response as the initial subject of the request for records.

The FOIA request being appealed has been assigned the following identification numbers:

- NARA-NGC-2022-001203
- NARA FOIA Tracking No. 2241981
- DON-NAVY-2022-007634 (*deleted from FOIAonline application by processor*).

I submitted a request to the Department of Defense, Department of the Navy (DON) via the FOIAonline system on May 19, 2022 requesting the record described below:

> [A] video referred to in a Department of Defense document titled "Catalog of Audiovisual Productions: Navy and Marine Corps Productions" vol. II (June 1984) ([reference listing attached to original request] with reference highlighted in red) that describes the video as being held by the Navy Audiovisual Library as of 1984. The current location of the record is unknown, details of the specific video requested are below:
>
> **Video Title**: "AMBLIN"
>
> **Video Reference #**: 22092-DN
>
> **Release Year**: 1971
>
> **Other details**: 16MM, Motion Picture, 026 Min, Unclassified
>
> **Description**: "A teenage boy and girl share food, marijuana and sleeping bag after meeting while hitchhiking in the California desert. When they reach the ocean he heads out into the surf, which was his only goal, and she continues on alone. Open ended for discussion. Remarks: Available at Navy General Audiovisual Libraries, and Marine Corps Training and Audiovisual Support Centers."

I received no response from the Department of Defense or the U.S. Navy regarding my request. My request in the FOIAOnline platform was deleted according to representations by NARA staff.

I received a response from the National Archives and Records Association (NARA) dated May 27, 2022. (the "FOIA Determination"). The FOIA Determination states that after a search, the agency was unable to find records responsive to the request. I appeal this final determination.

Due to the deficiencies described herein, I respectfully request two remedial steps be taken in appeal of this FOIA Determination:

> 1. A response be provided by the government agency that originally received the request—the Department of Defense, Department of the Navy—disclosing what reasonable targeted search was taken to locate the requested record.

> 2. The National Archives and Records Association expands the scope of its search to include a search targeted to locate the specific record in question based on the citation information provided or an updated disclosure describing what steps were taken in the attempt to locate the requested record based on the actual citation information provided.

**I. No Disclosure of Search or Response by the DON, the Agency in Receipt of Request**

### *A. No Search of Government Agency Alleged to Have Records Disclosed*

Provided with my request was a record from the Department of Defense (DOD) that shows that the Requested Video was held by the Department of Defense at least as recently as 1984 in two separate locations: the Navy General Audiovisual Libraries and the Marine Corps Training and Audiovisual Support Centers. A full citation is included on that record including a publication date, format, two last known locations of storage, and a Department of Defense reference number.

Although I indicated the government agency evidenced to hold the requested material as the DON as described above, my request was responded to be an entirely separate government agency—the National Archives and Records Association (NARA). NARA performed a search for records that resulted in no substantive response.

### *B. No Disclosure or Explanation for Request Redirection Provided*

No explanation for the redirection of my request was provided by either NARA or the DOD/DON.

No response was provided from the DON disclosing a search for the requested records as required by FOIA.

NARA performed a search for records that resulted in no substantive response.

### *C. Evidence of Location of Record Provided Does Not Indicate NARA As Holder of Records*

The attached record indicates that as recently as 1984, the Navy General Audiovisual Libraries and the Marine Corps Training and Audiovisual Support Centers held the requested record. Particularly as evidence has been provided that the records were originally stored at the agency that was the target of this request, the agency that was the target of the original request—the DON—is required to provide a FOIA response and determination.

Redirecting a request to a separate government agency that does not hold the requested records is not a sufficient response under the Freedom of Information Act, particularly when no information has been provided giving a basis for that transfer. If the DON is not in possession of this record, a FOIA determination must be issued by the DON stating such a position.

## II. Adequacy of the Search by the National Archives and Records Association

### A. Required Scope of Search

An agency is not required to complete a comprehensive search of all records in response to a FOIA request. However, an agency must conduct a reasonable search for records responsive to the request.

Further, government agencies "must be careful not to read [a] request so strictly that the requester is denied information the agency well knows exists in its files."[1] Agencies should interpret FOIA requests "liberally" when determining which records are responsive to them.[2]

### B. General Keyword Search with Two Keywords Not Utilizing Citation Information Insufficient

The search described by NARA only describes a search of NARA's "catalog, internal inventories, and finding aids provided by the agency" for two words. No search based on the citation information provided for the requested material is provided in the FOIA Determination.

At a minimum, the scope of the search should be broadened to include a search reasonably targeted to locate the record based on the citation material provided and evidenced in the submission:

*Year of Publication*: 1971

*Reference #*: 22092-DN

*Material*: 16mm film

The agency should perform a targeted search of its film holdings, rather than a search for particular keywords picked from the request. Limiting the scope of the search to two keywords is impermissibly narrow when the agency has been provided with documentary evidence of all citation information associated with the requested material.

If the scope of the search was broader than described in the FOIA Determination, an accurate disclosure of the search performed should be provided.

## III. Final Appeal Request

As a result of the deficiencies described, I respectfully request the following acts be taken in response to this Freedom of Information Act appeal:

1. A response be provided by the government agency that originally received the request—the Department of Defense—disclosing what reasonable targeted search was taken to locate the requested record.

---

[1] Hemenway v. Hughes, 601 F. Supp. 1002, 1005 (D.D.C. 1985).

[2] Nation Magazine v. United States Customs Serv., No. 94-5275, 1995 WL 722700, at *3 (D.C. Cir. Dec. 8, 1995).

2. The National Archives and Records Association expands the scope of its search to include a search targeted to locate the specific record in question based on the citation information provided or an updated disclosure describing what steps were taken in the attempt to locate the requested record based on the actual citation information provided.

Thank you for your time and attention to this appeal submitted under the Freedom of Information Act and your continued work connecting the public with critical access to governmental records.

Sincerely,

Quinn Heath, Esq.
476 Windsor Street #1
Cambridge, MA 02141
Email: qheath@bu.edu
Phone: (480) 628-1251


CC:       (*By Certified Mail*)
          Office of the Judge Advocate General
          ATTN: General Litigation Division (Code 14)
          1322 Patterson Ave., SE, Suite 3000
          Washington Navy Yard, DC 20374-5066